**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AUGUST IMAGE, LLC, ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| SPORTS CLIPS, INC. and JOHN DOES ) | |
| 1-3, ) | |
| Defendant, ) | |
| ) | |
| ) | |

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Sports Clips, Inc. ("Sports Clips") and John Does 1-3 ("Franchisee Defendants" and together with Sports Clips, collectively, "Defendants"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.      Plaintiff is a New York limited liability company with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3.      Upon information and belief, Sports Clips is a Texas corporation doing business at 58 Highland Commons Easte, Berlin-Hudson, Massachusetts, 01749, 196 East Main Street Milford, Massachusetts 01757, 160B Apex Drive, Marlborough,

1

Massachusetts 01752, 10010-C Shops Way Northborough, Massachusetts 01532, and 477 W. Central Street, Franklin Massachusetts 02038.

4.      Upon information and belief, the Franchisee and Officer Defendants are either entities or individuals doing business as Sports Clips at 58 Highland Commons Easte, Berlin-Hudson, Massachusetts, 01749, 196 East Main Street Milford, Massachusetts 01757, 160B Apex Drive, Marlborough, Massachusetts 01752, 10010-C Shops Way Northborough, Massachusetts 01532, and 477 W. Central Street, Franklin Massachusetts 02038.

**JURISDICTION AND VENUE**

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Sports Clips is proper.  Sports Clips is conducting business in this judicial district and committing torts in this state, including without limitation Sports Clips' copyright infringement, which causes harm in this state and judicial district. Specifically, Sports Clips has transacted business with the Franchisee and Officer Defendants, and continues to transact business the Franchisee and Officer Defendants here in the Commonwealth and such business directly concerns the infringing use of Plaintiff's copyrights to promote the Sports Clips businesses located at 58 Highland Commons Easte, Berlin-Hudson, Massachusetts, 01749, 196 East Main Street Milford, Massachusetts 01757, 160B Apex Drive, Marlborough, Massachusetts 01752, 10010-C Shops Way Northborough, Massachusetts 01532, and 477 W. Central Street, Franklin Massachusetts 02038.

7.      Personal jurisdiction over the Franchisee Defendants is proper.  The Franchisee Defendants are conducting business in this judicial district and committing torts in this state, including without limitation the copyright infringement at issue in this litigation, which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.      Plaintiff's Business

9.      Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection.  Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video.  On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

10.      Among the many awarding winning photographers for whom Plaintiff serves as the exclusive licensing agent is the professional photographer Austin Hargrave.  He is an extremely well-regarded photographer, particularly known for his portraits of film, TV, and music personalities.  He has been sought after by Hollywood Reporter, Billboard, NBC, as well as exclusive brands like Chanel Universal Music among others to photograph numerous celebrities.  The high-profile nature of his work has provided him with exclusive access to some of the most celebrated cultural figures in the arts, David Hockney, Margot Robbie, Demi Lavato,

among others.  Through his hard work and extraordinary creativity and vision, Mr. Hargrave has earned the respect of these celebrities, who guard their images carefully, and do not provide access to just any photographer.  They require a photographer like Mr. Hargraves whose images are valued for their exclusivity, thus empowering the brand of the subjects he photographs.

11.     Mr. Hargrave is the sole author of the following portrait of Tom Hanks, hereinafter referred to as the "Copyrighted Work":



12.     Mr. Hargrave has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-199-792 for the copyrights in and to the Copyrighted Work.

13.     The Copyrighted Work is an original work of authorship.

14.     Plaintiff is, and has been at all relevant times, the beneficial owner as the exclusive licensee of the copyrights in and to the Copyrighted Work.

15.     Plaintiff licenses the Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

**B.      Defendants' Unlawful Activities**

16.     Upon information and belief, Sports Clips is a multi-billion-dollar hair salon

4

franchise business.  As franchisor, Sports Clips touts itself as having a long, proven track record of working together with its franchisees to achieve business success.  It provides its franchisees with a straightforward business model, assisting its franchisees in growing their businesses and implementing marketing strategies.

17.    In August of 2024, Plaintiff discovered Defendants infringing Plaintiff's exclusive copyrights in the Copyrighted Work.  Specifically, Plaintiff discovered the Copyrighted Work being used in the online promotion of Defendants' business, a copy of the screenshot of which is depicted here and referred to herein as the "Infringing Website":



18.    The Infringing Website is used to promote and grow the Sports Clips businesses located at 58 Highland Commons Easte, Berlin-Hudson, Massachusetts, 01749, 196 East Main Street Milford, Massachusetts 01757, 160B Apex Drive, Marlborough, Massachusetts 01752, 10010-C Shops Way Northborough, Massachusetts 01532, and 477 W. Central Street, Franklin

Massachusetts 02038.  The Infringing Website has numerous advertisements for the Sports Clips

brand and states:

> Sport Clips Haircuts Central Mass provides quality haircuts to kids and adults at an affordable price in a clean, sports-themed atmosphere. Come for a haircut or beard trim, or enjoy our signature MVP treatment, including a neck and shoulder massage, hot or cold towel treatment and deep shampoo.
>
> Visit one of our 5 locations: Berlin | Milford | Marlborough | Northborough | Franklin

*See* https://centralmasshaircuts.com/toms-hanks-hairstyles-throughout-the-years/ (last accessed

on Sept. 17, 2024)

19.    Depicted here is a screenshot from the Infringing Website directing consumers to

the Sports Clips' businesses at 58 Highland Commons Easte, Berlin-Hudson, Massachusetts,

01749, 196 East Main Street Milford, Massachusetts 01757, 160B Apex Drive, Marlborough,

Massachusetts 01752, 10010-C Shops Way Northborough, Massachusetts 01532, and 477 W.

Central Street, Franklin Massachusetts 02038:





20.    Upon information and belief, the Franchisee, with the contribution, assistance, or instruction from Sports Clips, or together with the Sports Clips, decided it needed a portrait of Tom Hanks to use in the promotion of its Sports Clips business and went looking for one on the internet where they located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Franchisee Defendants, and then used the Copyrighted Work in the creation of promotional material for the commercial purpose of selling Sports Clips' services at numerous locations in Massachusetts, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

21.    Sports Clips, together with the Franchisee Defendants, are thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

22.    Sports Clips and the Franchisee Defendants' reproduction, distribution,

derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

23.     Defendants' unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful because Defendants have acted in reckless disregard of Plaintiff's copyrights because Defendants are familiar with copyright law and the need to seek a license for the use of the Copyrighted Work, knew they did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway.

24.     Defendants' unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful or in reckless disregard of Plaintiff's copyrights because Defendants were willfully blind to the risk of infringement by using the Copyrighted Work on the Infringing Website for commercial purposes without obtaining authorization for the use of the Copyrighted Work.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

25.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

26.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

27.     As exclusive licensee, Plaintiff has, and has had at all relevant time, sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

28.     Upon information and belief, as a result of Plaintiff's licensing of the Copyrighted Work to others for public display, Sports Clips and the Franchisee and Officer Defendants had access to the Copyrighted Work prior to the creation of the infringing post on Instagram to promote the Sports Clips business located at 158 Highland Commons Easte, Berlin-Hudson, Massachusetts, 01749, 196 East Main Street Milford, Massachusetts 01757, 160B Apex Drive,

Marlborough, Massachusetts 01752, 10010-C Shops Way Northborough, Massachusetts 01532, and 477 W. Central Street, Franklin Massachusetts 02038.

29.     By its actions, as alleged above, Sports Clips and the Franchisee Defendants have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

30.     Sports Clips and the Franchisee Defendants' infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

31.     As a direct and proximate result of Sports Clips and the Franchisee Defendants' infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

32.     In addition, at Plaintiff's election, also pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the profits of Sports Clips and the Franchisee Defendants from infringement of the Copyrighted Work, which amounts will be proven at trial.

33.     In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for the Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

34.     Sports Clips and the Franchisee Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this

Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled

to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright

law.

### SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement against All Defendants)

35.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

36.     In the event Sports Clips contends that the infringing conduct described above is

done by the Franchisee Defendants, Sports Clips had either actual or constructive knowledge of

the above-described infringements and either induced, caused, or materially contributed to the

infringing conduct described above.

37.     Sports Clips had knowledge of the infringement at issue because Sports Clips,

upon information and belief, required the Franchisee Defendants to submit marketing materials,

such as the infringe material here, to Sports Clips for approval so that Sports Clips could ensure

that the marketing of its franchisee was in keeping with Sports Clips' brand standards.  Pursuant

to these contractual obligations, the Franchisee and Defendants submitted the promotional use of

Plaintiff's Copyrighted Work to Sports Clips for review.  Sports Clips reviewed the infringing

use of Plaintiff's Copyrighted Work and knew that the Franchisee Defendants did not obtain a

license for the use of Plaintiff's Copyrighted Work.

38.     Defendants materially contributed to some or all of the infringements at issue in

this litigation by providing the technology necessary for the infringement to occur.  For example,

Defendants have provided social media accounts, computer systems, software, and hardware that

was used in the creation of the infringing use at issue here.

39.     By their actions, as alleged above, Sports Clips' foregoing acts of contributory

infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

40.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Sports Clips profited at the expense of Plaintiff.

41.     As a direct and proximate result of Sports Clips' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Sports Clips' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

42.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

43.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

44.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

45.     Sports Clips' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**THIRD CLAIM FOR RELIEF**
**(Vicarious Copyright Infringement against All Defendants)**

46.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

47.     As an alternative theory to its infringement claims above, to the extent Sports Clips contends it did not directly or contributorily infringe Plaintiff's copyrights, and such direct and contributory infringement was caused by its franchisee, Sports Clips benefited from or stood to benefit from the direct infringement described above while declining to exercise an ability to stop it.

48.     Through contractual arrangements with the Franchisee and Officer Defendants, Sports Clips had the right or ability to control the direct infringement as described above.

49.     Sports Clips had the right and ability to cause the infringing copies of the Copyrighted Work to be removed from one or more of the Infringing Website identified above.

50.     Sports Clips had the right and ability to cease the unlawful distribution of infringing copies of some or all of the Copyrighted Work.

51.     Sports Clips had the right and ability to cease the unlawful public display of the Copyrighted Work.

52.     Sports Clips had a financial interest in the reproduction, distribution, and public display of infringing copies of some or all of the Copyrighted Work and Sports Clips benefitted from or stood to benefit from the direct infringement by earning revenues from advertising at the websites where some or all of the Copyrighted Work.

53.     As a direct and proximate result of Sports Clips' vicarious infringement of Plaintiff's copyrights in some or all of the Copyrighted Work, Plaintiff is entitled to recover its

12

actual damages resulting from Sports Clips' uses of some or all of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

54. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Sports Clips' profits from infringement of some or all of the Copyrighted Work, which amounts will be proven at trial.

55. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the vicarious infringement of the Copyrighted Work by Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).

56. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

57. Sports Clips' vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendants during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the

Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 17, 2024

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*August Image, LLC*